UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
**KAREN WILSON,**

        Plaintiff,

-against-

**LENOX HILL HOSPITAL,
NORTHWELL HEALTH,**

        Defendants.
-------------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-5537 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.
★ OCT 15 2019 ★
BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

On September 27, 2019, the *pro se* plaintiff, Karen Wilson, filed this action against her current employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634. (ECF No. 1.) The Court grants the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. (ECF No. 2.) For the reasons discussed below, the Court directs the plaintiff to file an amended complaint within 30 days of this order.

**I.    Background**

The following factual allegations are drawn from the complaint (ECF No. 1), and are assumed to be true for the purpose of this order. The plaintiff has been employed at Lenox Hill Hospital[1] for 18 years as a customer service representative. (*Id.* at 6.) On an unspecified date, the plaintiff filed a complaint with the human resources department because she had been doing "out of title job duties," such as handling legal documents, for 15 years. (*Id.*) The plaintiff claims that her supervisor, "Lon," retaliated against her for filing the complaint with human

---

[1] Lenox Hill Hospital is a member hospital of Northwell Health.

1

resources. (*Id.* at 6-7, 10.) While she was on medical leave, he (and possibly others) vandalized her workspace, removed her personal belongings and religious quotes, and spilled liquid on her desk. (*Id.* at 7.) Her supervisor also sexually harassed her—by touching her shoulder without her consent—and gave her poor marks on her job evaluations. (*Id.* at 4, 7.)

On June 11, 2019, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission, (*Id.* at 10), and on August 16, 2019, the EEOC issued its right-to-sue letter (*Id.* at 11).

## II. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). *Pro se* complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Furthermore, under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### A. Title VII and ADEA Discrimination Claims

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to [her] compensation, terms, conditions, or privileges of employment, because of such

2

individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "discriminate against any individual…because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of discrimination under Title VII or the ADEA, the plaintiff must show that (1) she is a member of a protected class, (2) she was qualified for the position she held, (3) she suffered an adverse employment action, and (4) the adverse employment action took place under circumstances giving rise to an inference of discrimination. *See Ruiz v. County of Rockland,* 609 F.3d 486, 492 (2d Cir. 2010) (Title VII); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (ADEA). At the pleading stage, the plaintiff has a "minimal" initial burden; she need not prove every element of a *prima facie* case of discrimination, but she must allege facts which plausibly suggest that her employer took an adverse action against her, and that her race, sex, national origin, or age was a "motivating factor" in that action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84-86 (2d Cir. 2015).

Here, the plaintiff alleges that she was born in 1972, and is Black and female. She also alleges that the defendant touched her shoulder without consent, removed personal belongings from her workspace, and spilled liquid on her desk. The plaintiff does not allege, however, that the defendant took any of these actions because of the plaintiff's race, gender, or age. *See, e.g., Chowdhury v. Sadovnik,* No. 17-CV-2613, 2017 WL 4083157, at *4-5 (E.D.N.Y. Sept. 14, 2017) (dismissing Title VII and ADEA discrimination claims because there were no factual allegations linking the defendants' adverse employment actions to the plaintiff's race, religion, or age). Therefore, the plaintiff has not pled a Title VII or ADEA discrimination claim.

**B. Title VII and ADEA Retaliation Claims**

Both Title VII and the ADEA contain similar anti-retaliation provisions. Under 42 U.S.C. § 2000e-3(a), an employer cannot discriminate against an employee "because [s]he has made a charge" under Title VII. Likewise, an employer cannot discriminate against an employee "because such individual.... has made a charge" under the ADEA. 29 U.S.C. § 623(d). To state a *prima facie* case of retaliation under Title VII or the ADEA, a plaintiff must demonstrate that "(1) she engaged in protected activity, (2) the employer was aware of that activity, (3) the employee suffered a materially adverse action, and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). As with discrimination claims, at the pleading stage, the allegations need only give "'plausible support' to the reduced *prima facie* requirements..." *Chowdhury*, 2017 WL 4083157, at *6 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015)).

A formal or informal complaint about discrimination qualifies as a protected activity for purposes of retaliation claims "so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Kelly v. Howard I. Shapiro & Associates Consulting Engineers, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (citation and internal quotation marks omitted). However, vague or ambiguous complaints are insufficient, and the "employer should 'reasonably have understood that the plaintiff's complaint was directed at conduct prohibited by Title VII'" or the ADEA. *Chowdhury*, 2017 WL 4083157, at *6 (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011)). Mere complaints of unfair treatment by an individual are not protected under Title VII and the ADEA. *Simpson v. MTA/New York City Transit Authority*, No. 16-CV-3783, 2016 WL 8711077, at *5 (E.D.N.Y. Aug. 26, 2016) (dismissing retaliation claim because the plaintiff did not allege that

she filed a complaint or grievance with supervisors about the acts of allege discrimination on the basis of her age or race).

Here, the plaintiff filed a complaint with her employer's human resources department because she had been doing "out of title job duties," such as handling legal documents. It is unclear whether the plaintiff framed this complaint as a general workplace issue, or as related to unlawful discrimination on the basis of her race or age. If the plaintiff's complaint to human resources alleged that she was assigned out of title job duties because of her race or age—and if her employer retaliated against her because of that complaint—the plaintiff would have stated a retaliation claim under Title VII or the ADEA. As currently written, however, the complaint does not state a claim for retaliation under Title VII or the ADEA.

### III.   Leave to Amend

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file an amended complaint. For her discrimination claims, the plaintiff must allege facts to show that she suffered discrimination because of her race, gender, or age. For her retaliation claims, she must allege facts to show that she complained of unfair treatment due to her race, gender, or age, and suffered retaliation because of her complaint. The plaintiff is advised that the amended complaint will completely replace the complaint, must be captioned, "Amended Complaint," and must bear the same docket number as this memorandum and order. The Court encourages the plaintiff to make an appointment with the Federal Pro Se Legal Assistance Project which provides limited representation to pro se litigants in this district.[2]

### IV.   Conclusion

---

[2] The Clerk of Court will mail the plaintiff a copy of the Pro Se Legal Assistant Project flyer with this order.

The Court grants the plaintiff 30 days from the date of this memorandum to amend the complaint. No summons will issue at this time and all further proceedings will be stayed for 30 days. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

Dated: October 15, 2019
      Brooklyn, New York

**SO ORDERED.**

                                        s/Ann M. Donnelly
                                        _____
                                        ANN M. DONNELLY
                                        United States District Judge

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project (the "Project") is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Project provides free in-information, advice, and limited-scope legal assistance to non-incarcerated, *pro se* litigants in the Eastern District of New York. The Project staff work for the City Bar Justice Center, not for the United States District Court.

### Services We Can Provide:
- Explain federal court procedures and rules involved in your case.
- Provide brief legal counseling.
- Advise you about potential federal claims prior to filing suit.
- Review draft pleadings and correspondence with the court.
- Give referrals to legal, governmental and social services.

### What does "Limited-Scope" Mean?
"Limited-scope" legal assistance means that even though the Project attorney may provide you information, advice, and some legal assistance, she **will not** be the lawyer representing you on your case. You will still act as your own lawyer unless you retain a lawyer on your own.

### Appointments and Hours
The Project attorney meets with pro se litigants by appointment. Our office is located on the ground floor of the Brooklyn courthouse for the Eastern District of New York in Room N-108.

Appointments are available Monday through Thursday.

To schedule an appointment please call **212-382-4729** or stop by the office. We make every effort to return calls within two business days.

---

Cat Itaya, Esq.
*Project Director*
Tel: 212-382-4729

David Preciado
*Project Coordinator*
Tel: 212-382-4743

Federal Pro Se Legal Assistance Project
c/o U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org



CITY BAR JUSTICE CENTER