UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
**KAREN WILSON,**

      Plaintiff,

  -against-

**LENOX HILL HOSPITAL/NORTHWELL HEALTH and LON MELTZER,**

      Defendants.
-----------------------------------------------------------x

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-5537 (AMD) (LB)

FILED
IN CLERK'S OFFICE
US DISTRICT COURT E.D.N.Y.

★ DEC 11 2019 ★

BROOKLYN OFFICE

**ANN M. DONNELLY**, United States District Judge:

  On September 27, 2019, the *pro se* plaintiff, Karen Wilson, filed this action against her current employer pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967, 29 U.S.C. §§ 621 to 634. (ECF No. 1.) By memorandum and order dated October 15, 2019, I granted the plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915, and directed the plaintiff to file an amended complaint within 30 days. (ECF No. 4.) On November 12, 2019, the plaintiff filed an amended complaint against Lenox Hill Hospital[1] and Lon Meltzer, her supervisor. (ECF No. 5.) For the reasons that follow, the Court dismisses the action with leave to file a second amended complaint within 30 days of this order.

 **I.** **Background**

  The following factual allegations are drawn from the complaint (ECF No. 1) and the amended complaint (ECF No. 5). I consider both pleadings in order to determine the chronology of events and the nature of the plaintiff's claims. *See Fortunato v. Bernstein*, No. 12-CV-1630, 2015 WL 5813376, at n. 4 (S.D.N.Y. Sept. 1, 2015) ("Although an amended complaint ordinarily

---

[1] Lenox Hill Hospital is a member hospital of Northwell Health.

1

supersedes the original and renders it of no legal effect, the Court considers both the original and amended complaints here in light of Plaintiff's references to the original complaint in his amended complaint and Plaintiff's *pro se* status.") (internal citations and quotation marks omitted).

The plaintiff has been employed at Lenox Hill Hospital for 18 years as a customer service representative. (ECF No. 1 at 6.) On an unspecified date, the plaintiff filed a complaint with the human resources department because she had been doing "out of title job duties," including handling legal documents, for 15 years. (*Id.* at 6.) The plaintiff claims that Lon Meltzer, her supervisor, retaliated against her for filing the complaint. (*Id.* at 6-7, 10.) On September 5, 2018, someone spilled a "foul liquid" on the plaintiff's desk. (ECF No. 5 at 6.) The plaintiff sent a photo of the vandalized workspace to Mr. Meltzer's boss, Fred Deserno. (*Id.*) On September 21, 2018, the plaintiff asked Mr. Meltzer to "refrain from touching [her] shoulders." (*Id.*)

On June 11, 2019, the plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission. (ECF No. 1 at 10). On July 9, 2019, while her charge was pending, Mr. Meltzer "show[ed the plaintiff] something on sexual physical harassment" and on July 19, she received a "bad job evaluation." (ECF No. 5 at 7.) On July 26, 2019, someone reported an anonymous complaint with the "Ethic Point of sexual harassment hotline." (*Id.*) On August 16, 2019, the EEOC issued a right-to-sue letter to the plaintiff. (ECF No. 1 at 11).

On August 29, 2019, someone from Lenox Hill Hospital's corporate compliance department questioned the plaintiff about patients' social security and HIPAA information. (ECF No. 5 at 7.) On December 19, 2019, someone questioned the plaintiff about the meaning of the word "connect," but did not question her "male or female co-workers." (*Id.* at 6.)

2

The plaintiff alleges discrimination and retaliation based on religion, race, gender, age, color, and national origin. (*Id.* at 8.)

## II. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). Pro se complaints are held to less stringent standards than pleadings prepared by attorneys; the court must read a *pro se* litigant's complaint liberally and interpret it to raise the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008).

Under 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss an *in forma pauperis* action when the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

### A. Title VII and ADEA Discrimination Claims

Title VII makes it unlawful for an employer to "discriminate against any individual with respect to his [or her] compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). The ADEA makes it unlawful for an employer to "discriminate against any individual...because of such individual's age." 29 U.S.C. § 623(a)(1). To establish a *prima facie* case of discrimination under Title VII and the ADEA, the plaintiff must show that she is a member of a protected class, she was qualified for the position she held, and she suffered an adverse employment action under circumstances giving rise to an inference of discrimination. *Ruiz v. County of Rockland*, 609

F.3d 486, 492 (2d Cir. 2010) (Title VII); *Kassner v. 2nd Avenue Delicatessen Inc.*, 496 F.3d 229, 238 (2d Cir. 2007) (ADEA). At the pleading stage, the plaintiff has a "minimal" initial burden; she need not prove every element of a *prima facie* case of discrimination, but she must allege facts which plausibly suggest that her employer took an adverse action against her, and that her race, sex, national origin, or age was a "motivating factor" in that action. *See Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84-86 (2d Cir. 2015).

Here, the plaintiff alleges that she was born in 1972, and is Black and female. (ECF No. 1 at 5.) In the original complaint, the plaintiff alleged that her supervisor gave her a bad evaluation, touched her shoulders without her consent, removed personal belongings from her workspace, and spilled liquid on her desk. (*Id.* at 6-7.) The plaintiff repeats those allegations in the amended complaint, but also alleges that someone made an anonymous complaint to a sexual harassment hotline. (ECF No. 5 at 9.) It is unclear whether the plaintiff called the hotline, or is aware of someone who called the hotline on her behalf.

Although the plaintiff argues that none of the things she cites in the amended complaint would have happened "[i]f [she] was white," (*id.* at 8), she does not allege facts to show that her employer took any adverse action because of her race, gender, or age. *See, e.g., Chowdhury v. Sadovnik*, No. 17-CV-2613, 2017 WL 4083157, at *4-5 (E.D.N.Y. Sept. 14, 2017) (dismissing Title VII and ADEA discrimination claims because there were no factual allegations linking the defendants' adverse employment actions to the plaintiff's race, religion, or age). Therefore, the plaintiff has not complied with this Court's order directing her to allege facts to support her Title VII or ADEA discrimination claim.

### B. Title VII and ADEA Retaliation Claims

Both Title VII and the ADEA contain similar anti-retaliation provisions. Under 42 U.S.C. § 2000e-3(a), an employer cannot discriminate against an employee "because [s]he has made a charge" under Title VII. Likewise, an employer cannot discriminate against an employee "because such individual...has made a charge" under the ADEA. 29 U.S.C. § 623(d). To state a *prima facie* case of retaliation under Title VII or the ADEA, a plaintiff must demonstrate that "(1) she engaged in protected activity, (2) the employer was aware of that activity, (3) the employee suffered a materially adverse action, and (4) there was a causal connection between the protected activity and that adverse action." *Lore v. City of Syracuse*, 670 F.3d 127, 157 (2d Cir. 2012). As with discrimination claims, at the pleading stage, the allegations need only give "'plausible support' to the reduced *prima facie* requirements..." *Chowdhury*, 2017 WL 4083157, at *6 (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315-16 (2d Cir. 2015)).

A formal or informal complaint about discrimination qualifies as a protected activity for purposes of retaliation claims "so long as the employee has a good faith, reasonable belief that the underlying challenged actions of the employer violated the law." *Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14 (2d Cir. 2013) (citation and internal quotation marks omitted). However, vague or ambiguous complaints are insufficient, and the "employer should 'reasonably have understood that the plaintiff's complaint was directed at conduct prohibited by Title VII'" or the ADEA. *Chowdhury*, 2017 WL 4083157, at *6 (quoting *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 108 (2d Cir. 2011)). Mere complaints of unfair treatment are not protected under Title VII and the ADEA. *Simpson v. MTA/New York City Transit Authority*, No. 16-CV-3783, 2016 WL 8711077, at *5 (E.D.N.Y. Aug. 26, 2016) (dismissing retaliation claim because the plaintiff did not allege that she filed a

5

complaint or grievance with supervisors about the acts of alleged discrimination on the basis of her age or race).

The plaintiff filed a complaint with her employer's human resources department because she had been doing "out of title job duties," such as handling legal documents. (ECF No. 1 at 6.) She also may have filed an anonymous complaint to a sexual harassment hotline. (ECF No. 5 at 7.) But the plaintiff has not alleged that these complaints were related to unlawful discrimination or unfair treatment due to her race, gender, or age. Furthermore, even if the anonymous complaint to the sexual harassment hotline constituted protected activity, it could not form the basis of a retaliation claim because her employer would not have known who made the complaint. Accordingly, the amended complaint does not state a claim for retaliation under Title VII or the ADEA.

### C. Individual Liability

Finally, neither Title VII nor the ADEA provide for individual liability; only the employer may be named. *Cherry v. Toussaint*, 50 F. App'x. 476, 477 (2d Cir. 2002) ("[T]he ADEA precludes individual liability."); *McMahon v. Napolitano*, No. 13-CV-1404, 2013 WL 1410382, at *1 (E.D.N.Y. Apr. 8, 2013) (neither Title VII nor the ADEA provides for individual liability). Therefore, the Title VII and ADEA claims are dismissed as against Mr. Meltzer.

### III. Leave to Amend

In light of the plaintiff's *pro se* status, the Court grants the plaintiff leave to file a second amended complaint. For her discrimination claims, the plaintiff must allege facts to show that she suffered discrimination because of her race, gender, or age. However, she cannot rely on conclusory or hypothetical statements to support her claims, such as the statement that the defendants would not have acted against her "if [she] was white." For her retaliation claims, she

must allege facts to show that she complained that she was treated unfairly because of her race, gender, or age, and suffered retaliation because of her complaint. The second amended complaint will replace the complaint and the amended complaint. It must be captioned "Second Amended Complaint," and must bear the same docket number as this order. I encourage the plaintiff to make an appointment with the Federal Pro Se Legal Assistance Project which provides limited representation to *pro se* litigants in this district.[2]

### IV. Conclusion

For the reasons set forth above, the Court dismisses the action, filed *in forma pauperis*, for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The Court grants the plaintiff 30 days from the date of this order to file a second amended complaint. No summons will issue at this time and all further proceedings will be stayed for 30 days. If the plaintiff does not file a second amended complaint in a timely fashion, or show good reason why she cannot comply, the Clerk of Court will be directed to enter judgment and close this case. If the plaintiff files a second amended complaint, the Court will review it for compliance with this order and for sufficiency under 28 U.S.C. § 1915(e)(2)(B).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and *in forma pauperis* status is therefore denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

---

[2] The Clerk of Court will mail the plaintiff a copy of the Pro Se Legal Assistant Project flyer with this order.

**SO ORDERED.**

                                                s/Ann M. Donnelly
                                      _____
                                      ANN M. DONNELLY
                                      United States District Judge

Dated: December 11, 2019
        Brooklyn, New York

# Federal Pro Se Legal Assistance Project

The Federal Pro Se Legal Assistance Project (the "Project") is a free service offered by the City Bar Justice Center of the New York City Bar Association. The Project provides free information, advice, and limited-scope legal assistance to non-incarcerated, *pro se* litigants in the Eastern District of New York. The Project staff work for the City Bar Justice Center, not for the United States District Court.

### Services We Can Provide:
- Explain federal court procedures and rules involved in your case.
- Provide brief legal counseling.
- Advise you about potential federal claims prior to filing suit.
- Review draft pleadings and correspondence with the court.
- Give referrals to legal, governmental and social services.

### What does "Limited-Scope" Mean?
"Limited-scope" legal assistance means that even though the Project attorney may provide you information, advice, and some legal assistance, she **will not** be the lawyer representing you on your case. You will still act as your own lawyer unless you retain a lawyer on your own.

### Appointments and Hours
The Project attorney meets with pro se litigants by appointment. Our office is located on the ground floor of the Brooklyn courthouse for the Eastern District of New York in Room N-108.

Appointments are available Monday through Thursday.

To schedule an appointment please call **212-382-4729** or stop by the office. We make every effort to return calls within two business days.

---

Cat Itaya, Esq.
*Project Director*
Tel: 212-382-4729

David Preciado
*Project Coordinator*
Tel: 212-382-4743

Federal Pro Se Legal Assistance Project
c/o U.S. District Court, EDNY
225 Cadman Plaza East
Brooklyn, NY 11201
(212) 382-4729
www.citybarjusticecenter.org

